**AFFIDAVIT OF SPECIAL AGENT GREGORY SQUIRE IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Gregory D. Squire, Special Agent with the Department of Homeland Security, Homeland Security Investigations, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) since 2007, and am currently assigned to the Boston Field office. As part of my duties, I am authorized to investigate violations of the laws of the United States, including but not limited to criminal violations relating to the sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. For the past five years I have specialized in dark web investigations, with a focus on child sexual abuse and child pornography websites. I am an active member of a multinational, multi-agency working group that coordinates national and international operations to combat child exploitation on the dark web and to rescue children from abusers who are active on the dark web. As an agent in the Boston Field Office, I frequently participate in the execution of search warrants involving child exploitation and pornography, and I work closely with HSI forensic specialists throughout these investigations and prosecutions.

2. I submit this affidavit in support of a criminal complaint charging Daniel Hunt, YOB 1969, of Brockton, Massachusetts, with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On November 5, 2019, at approximately 6:00 a.m., HSI agents, with the assistance of state and local law enforcement, executed a federal search warrant authorizing them to search a residential address located in Brockton, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

5. Daniel HUNT was present in the home. He was advised of and executed a written waiver of his *Miranda* rights and agreed to speak with agents on scene. The interview was recorded; unless otherwise indicated, all statements set forth below are summary in nature.

6. HUNT admitted that the Tor browser was installed on his computer. HUNT informed investigators that he had been using Tor to access child pornography for approximately three years. HUNT acknowledged that he had been previously convicted of child pornography offenses, and did not begin using Tor until after he finished his probationary sentence.

7. HUNT further admitted that he had visited Website B[1] on the Tor network, where he accessed and downloaded images and videos of child pornography. HUNT also

---

[1] Website B is a website that operated on the dark web, and which was dedicated to child pornography material of boys. The name of Website B is known to law enforcement but redacted here because divulging its name would jeopardize law enforcement's ongoing investigation into users of Website B and other websites to which those individuals belong or on which they are active.

acknowledged that he had used the same or similar username on another boy-centric child pornography site on the dark web.[2] HUNT informed agents that he last visited that site this week.

8. HUNT informed agents that he was sexually attracted to boys as young as 12 years old.

9. During the course of the search, agents located a Dell laptop in HUNT's bedroom closet. HUNT admitted that it was his laptop and informed agents that his mother, with whom he lived, did not know that he had that laptop.

10. Agents conducted an on-scene preliminary forensic review of the Dell laptop. During that review, agents observed at least hundreds of images and videos depicting child pornography. The images and videos were located in various folders on the computer's desktop, which were organized thematically.

11. Included among the images were:

   a. An image file named "77442_1223959439.jpg," which depicts a prepubescent boy who appears to be approximately 9-11 years old, laying naked on a sofa in a sexually suggestive pose, with his erect penis. I know that this particular image was accessible from Website B and is currently accessible from other dark web sites.

   b. An image file named "smikey (10).png," which depicts a naked prepubescent boy who appears to be approximately 9-11 years old, leaning backwards so that his penis, testicles, and anus as the focus of the image.

---

[2] The name of the website is known to law enforcement but redacted here because divulging its name would jeopardize law enforcement's ongoing investigation into users of Website B and other websites to which those individuals belong or on which they are active.

    c.    An image file named "1544929658107-0.jpg," which depicts a naked prepubescent boy, who appears to be approximately 9-11 years old, standing looking up at the camera with his penis in his hand. I know that this particular image was accessible from Website B and is currently accessible from other dark web sites, including the site HUNT told agents he had most recently visited.

12.    The Dell laptop was transported to the HSI forensic lab. Analysis remains ongoing.

## CONCLUSION

13.    Based on all of the foregoing information, I submit that there is probable cause to believe that:

    a.    On various dates between on or about November 5, 2016 and November 5, 2019, HUNT knowingly received, and attempted to receive, any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

    b.    on or about November 5, 2019, HUNT knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Special Agent Gregory D. Squire
Homeland Security Investigations

SUBSCRIBED and SWORN to before me on November 5, 2019.

_____
HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

I have reviewed the images referenced in Paragraph 11 above, and I find probable cause to believe that the image depicts a minor engaged in sexually explicit conduct. The Affiant shall preserve said image for the duration of the pendency of this matter, including any relevant appeal process.

_____
HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE